# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TRICIA MELERINE STORY** | * | |
| *Plaintiff* | * | CIVIL ACTION NO. |
| **VERSUS** | * | SECTION: |
| | * | MAGISTRATE: |
| **AT&T CORP., FIDELITY WORKPLACE SERVICES, LLC, AND METROPOLITAN LIFE INSURANCE COMPANY** | * | |
| *Defendants* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff **TRICIA MELERINE STORY,** who brings this action in her individual capacity, and which, for her Complaint against Defendants, **AT&T CORP. ("AT&T"), FIDELITY WORKPLACE SERVICES, LLC ("Fidelity") AND METROPOLITAN LIFE INSURANCE COMPANY ("Metlife"),** avers as follows**:**

### JURISDICTION AND VENUE

1.

This is a claim under Employee Retirement Income Security Act of 1974 ("ERISA") for life insurance and retirement benefits.

2.

This Court has jurisdiction and venue under 29 U.S.C. § 1001, *et seq.*; 29 U.S.C. § 1132(e)(1) and (2).

3.

This Court has subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. § 1001 *et seq.*, and further pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Louisiana. Defendants Metlife and AT&T are New York corporations. Defendant Fidelity is a Delaware company. The amount in controversy is the value of the Metlife basic and supplemental life insurance policies which combine for a total of $789,000.00, and the value of the AT&T Employee Retirement Plan administered by Fidelity in the amount of $455,067.90.

4.

Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2), as AT&T has offices in Louisiana and the breach took place in this district via notices sent to Plaintiff regarding her claims; venue is further proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5.

Tricia Melerine Story is a Louisiana resident domiciled in Orleans Parish in the State of Louisiana.

6.

Defendant, AT&T is a New York corporation registered to do and doing business in Louisiana.

7.

Defendant, Fidelity Workplace Services, LLC is a Delaware limited liability company doing business in Louisiana.

8.

Defendant, Metlife is a foreign insurer doing business in Louisiana, organized under the laws of the State of New York, with its principal place of business in the State of Florida.

## **FACTS**

9.

Michael Zauner was a participant in AT&T's Retirement Savings Plan and group life and supplemental life insurance plans. Under ERISA and the Plan, Zauner's spouse, Tricia Story is the designated beneficiary entitled to the retirement proceeds upon the death of Mr. Zauner.

10.

Fidelity provides administrative recordkeeping services for AT&T under its Retirement Plan and processes claims for benefits such as Plaintiff's claim.

11.

Metlife issued life insurance policies to Michael P. Zauner as part of his employee welfare benefit plan with AT&T. Mr. Zauner named Tricia Story as the 100% primary beneficiary of the insurance policies issued by Metlife under the ERISA plan.

12.

ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1).

13.

Mr. Zauner died on September 17, 2018. Ms. Story notified Metlife of Mr. Zauner's passing within days of his death and submitted a claim to Metlife, along with an assignment to American Funeral Financial, LLC, for payment of the funeral expenses.

14.

By letter dated October 31, 2018 through her attorney, Ms. Story notified AT&T of Mr. Zauner's death, and submitted the appropriate documents, including an AT&T "Claims Affidavit" requested by AT&T for the processing of the employee retirement benefits to which Story was the designated beneficiary under the AT&T Retirement Plan.

15.

In the over 120 days since Story filed her claim with AT&T for the employee retirement benefits to which she is entitled, Fidelity Investments, the administrator of the benefits, has stated that it was continuing to await direction from AT&T, which has refused to authorize the processing of her claim for spousal benefits.  Story's repeated efforts to obtain information directly from AT&T or an explanation for why her claim has not been honored to date have also proven unsuccessful.

16.

Fidelity Investments verbally represented to Ms. Story that one or more individuals had submitted a competing claim to the funds under the AT&T Retirement Plan, despite that Story is the designated beneficiary under the Plan and ERISA law.  Fidelity would not share with Story the persons within AT&T upon whom it was awaiting "direction" despite numerous attempts to obtain this information.

17.

In correspondence dated January 31, 2019 related to the production of documents pursuant to subpoeana, Fidelity Investments finally identified the "rival" claimant as Jennifer Scheurich, one of Michael Zauner's children from a prior marriage.

18.

Notably, in correspondence dated February 6, 2019, Scheurich's attorney denied emphatically and unequivocally that any of his clients, Michael Zauner's children including Jennifer Scheurich, had made any "claims" to the "custodian of [the AT&T/Fidelity] IRA's" or Metlife.[1] This is in direct contradiction to the written representations of Fidelity.

19.

Nevertheless, and without justification, Story's claim remains paralyzed and has been for over four months, with no resolution in sight or timeline or date certain for a decision, such that the claim has been constructively denied. The denial of Story's claim through inaction has left her without any income or the means to pay bills and has further caused her to subsist on credit cards and debt due to the inaction of AT&T and Fidelity.

20.

AT&T and Fidelity, despite amicable demand, have failed to unconditionally pay Plaintiff the employee retirement benefits under the AT&T Retirement Plan in the amount of $455,067.90 due under the Plan and ERISA, for which they are liable unto Plaintiff under the premises set forth herein.

---

[1] Mr. Bowen's direct quote in the February 6, 2019 email correspondence: I'm saying just what I said: the only "claims" that my clients have filed are in the probate court. I don't even know what it means to file "claims" with custodians of IRA's and a life insurance company, and those entities have not been joined as parties to the lawsuit. If you are suggesting that my clients have demanded that MetLife disburse life insurance proceeds to them, for example, that is absolutely false. I don't know what else I can say to alleviate your confusion.

21.

AT&T and Fidelity's failure to pay Plaintiff the retirement benefits of $455,067.90 is without just cause and otherwise arbitrary and capricious.

22.

By letter dated January 8, 2019, Metlife acknowledged receipt of Ms. Story's claim and the accompanying assignment, and further acknowledged that Ms. Story was the beneficiary on the life insurance policies, but further advised that it received notice that another party intended to file a claim for benefits payable, and that there would be a delay in processing the claim.

23.

On January 19, 2019, Story through counsel contacted Metlife and inquired of the delay in processing her claim. In that conversation, Story was told that Metlife had received notice of a "suspicious death" but that it had not received a competing ("rival") claim. Metlife further advised that it was allowing the unnamed party who claimed a suspicious death until January 28, 2019 to assert a claim.

24.

Immediately following the January 19, 2019 call, Story through counsel submitted to Metlife a copy of the Orleans Parish Coroner's report and findings following an autopsy that Mr. Zauner's death was "accidental". No contradicting evidence or investigation by any authority or law enforcement agency is known to exist or have been submitted to Metlife.

25.

On January 29, 2019, Story through counsel contacted Metlife and inquired if it had received a "rival claim" to the insurance benefits. At that time, a Metlife representative advised that a "rival claim" was submitted and received on January 24, 2019, but did not disclose who

made the claim, or the basis of the claim. Metlife further represented that Story's claim was under review until February 1, 2019.

26.

On February 5, 2019, Story through counsel contacted Metlife and inquired as to the status of the claims review. At that time, Metlife advised of its decision to file an interpleader action, effectively denying Story's claim. Thus, this complaint is ripe for adjudication.

27.

Metlife would not and has not revealed to Plaintiff the "rival" claimant or the basis for the claim, notwithstanding that Ms. Story is the designated beneficiary of the life insurance policies at issue, and despite numerous attempts to obtain this information, including through subpoena issued by the Civil District Court for the Parish of Orleans and served upon Metlife, but which has not been answered.

28.

To date, Metlife has acknowledged that Ms. Story is the 100% primary designated beneficiary on the life insurance policies at issue, but has refused to pay Story despite amicable demand, and has further refused to disclose the basis of its refusal, other than to reference the undisclosed "rival claim." Metlife's failure to pay constitutes a breach of its insurance contract, regarding which Metlife has acknowledged that Story is the named 100% primary beneficiary.

29.

Metlife, despite amicable demand, has failed to unconditionally pay Plaintiff the death benefits under the Basic and Supplemental Life Policies of $789,000.00 due under their Metlife policies at issue, for which it is liable unto Plaintiff under the premises set forth herein.

30.

Metlife's failure to pay Plaintiff the life insurance benefits of $789,000.00 is without just cause and otherwise arbitrary and capricious.

31.

AT&T, Fidelity and Metlife have unlawfully denied Plaintiff benefits that she is entitled to under the terms of the retirement benefits and life insurance policies issued under the ERISA plan.

32.

Defendants' denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

33.

AT&T, Fidelity and Metlife have abused their discretion as plan and benefit administrators by denying Plaintiff's claims for benefits.

34.

Defendants have failed to give the policies and Plan a uniform construction and interpretation.

35.

Plaintiff has been denied the benefits due to her under the policies and the AT&T ERISA Retirement Plan, has suffered, and is continuing to suffer economic loss as a result.

36.

Plaintiff is entitled to an award of interest on all money that Defendants should have paid Plaintiff.

37.

Defendants' Denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the plan.

38.

Although a claim under ERISA may have involved an administrative proceeding, the Defendants have acknowledged the facts as presented, but have deliberately refused to distribute any of the proceeds or issue a denial or any notices of rights, which render any administrative actions futile.

39.

Metlife is also liable to Plaintiff for any penalties and/or attorney's fees allowable under the laws of the State of Louisiana, including but not limited to those penalties set forth by Louisiana Revised Statute 22:1811.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tricia Melerine Story prays:

1. That after due proceedings be had, judgment be rendered in favor of Tricia Melerine Story and against AT&T Corp. and Fidelity Workplace Services, LLC, recognizing Tricia Melerine Story as the owner of all benefits under the AT&T Retirement Plan including the principal sum of $455,067.90 and any other sums that may be due, plus interest from the date of receipt of proof of death by defendants until paid, and for any and all other penalties, interest, attorney's fees, and/or costs of these proceedings allowed by law;

2. That after due proceedings be had, judgment be rendered in favor of Tricia Melerine Story and against Metropolitan Life Insurance Company for the principal sum of $789,000.00, plus interest and penalties afforded by law from the date of receipt of proof of death by defendant until paid, and for any and all other penalties, interest, attorney's fees, and/or costs of these proceedings allowed under law; and

3. For all general or equitable relief that the Court deems appropriate and reasonable under the premises.

**RESPECTFULLY SUBMITTED:**

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, LLP**

*/s/ Frank J. DiVittorio*
PATRICK K. RESO, Bar #20583
FRANK J. DIVITTORIO, Bar #30881
ELSBET C. SMITH, Bar #31326
JOHN D. MIRANDA, Bar #31265
111 N. Oak Street
Suite 200
Hammond, LA 70401
(985) 269-7220
(985) 269-7224 (facsimile)
Attorneys for Plaintiff, Tricia Melerine Story

AND

J. W. Bearden & Associates P.L.L.C

By: */s/ Wes Bearden*
James "Wes" Bearden
Texas Bar No. 24071964
Louisiana Bar No. 33004
230 Polk Street, Suite A
New Orleans, Louisiana 70124
Tel. (504) 930-4330
Fax. (888) 731-6940