UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRICIA STORY | CIVIL ACTION |
| VERSUS | NO. 19-1185 |
| AT&T CORP., ET AL. | SECTION A (5) |

ORDER AND REASONS

Before the Court is a **Motion to Dismiss and Motion to Strike (Rec. Doc. 20)** filed by Plaintiff Tricia Story. Defendant/Plaintiff in Interpleader Metropolitan Life Insurance Company ("MetLife") opposes the motion. (Rec. Doc. 24). The motion, set for submission on April 17, 2019, is before the Court on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED** for the reasons set forth below.

**I.	Background**

While employed by AT&T, Inc. ("AT&T"), Plaintiff's husband Michael Zauner participated in an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Rec. Doc. 1 Complaint, ¶ 9) (Rec. Doc. 24, p. 5). On September 17, 2018, Zauner passed away. (Rec. Doc. 1, ¶ 13). Plaintiff filed the instant case alleging that AT&T, MetLife, and Fidelity Workplace Services, LLC ("Fidelity') have unlawfully denied her the funds that she is entitled to as beneficiary under the terms to the ERISA plan. (*Id.* at 31).

On March 26, 2019, Defendant MetLife filed an *Ex Parte* Motion for Interpleader (Rec. Doc. 17). As the motion was filed *ex parte* and Plaintiff did not consent to the motion, counsel

for Plaintiff called chambers to indicate that the *ex parte* motion was in fact opposed.[1] Affording Plaintiff the opportunity to state objections on a motion before the Court, the Court noticed the interpleader motion for submission on April 17, 2019. (Rec. Doc. 22). In opposition to MetLife's interpleader, Plaintiff requests the Court to dismiss and strike the interpleader motion pursuant to Federal Rule of Civil Procedure 12(b)(1), based on lack of subject matter jurisdiction.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction and may only hear those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert that a court lacks subject matter jurisdiction. Upon the determination that the court lacks subject-matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir.1986). The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim. *Ramming v. United States*, 281 F.3d 158 (5th Cir.2001).

**III.    Discussion**

---

[1] The Court notes that prior to filing *ex parte* motions, movant should contact opposing counsel and indicate that opposing counsel does not oppose the motion. All contested motions shall be noticed for submission pursuant to Local Rule 7.2.

Pursuant to 28 U.S.C. § 1335, this Court "shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader." In order for a party to establish Section 1335 subject matter jurisdiction, there must be two or more adverse claimants to the money or property in the interpleader's possession. 28 U.S.C. § 1335(a)(1). The issue before the Court is whether there exist two or more adverse claimants to the funds in MetLife's possession.

Plaintiff argues that the alleged "adverse claimants" consented to MetLife's tender of the life insurance policy proceeds in whole to Plaintiff. (Rec. Doc. 20-1, p. 1). MetLife counters that under 28 U.S.C. § 1335, there need only be claimants who **may** claim entitlement to the fund. (Rec. Doc. 24, p. 2). MetLife asserts that in December of 2018, AT&T informed MetLife that Fidelity was referring a claim for Zauner's death benefits, and that Fidelity had received a "rival claim." (*Id.* at 3). As of January 31, 2019, MetLife states that Fidelity identified Jennifer Scheurich, Zauner's child, as the rival claimant. (*Id.*). MetLife concedes counsel for Zauner's children, including Jennifer Scheurich, confirmed in an email that the children do not object to payment of the benefits to Plaintiff. Nevertheless, MetLife argues that this does not clarify that the children never had a claim to the funds nor does it state that the children release MetLife from further liability. (*Id.* at 4). In furtherance, MetLife argues that the agreement between Plaintiff and Zauner's children is a result of a Texas state court probate action. (*Id.* at 9). As MetLife was not a party to that action and is not privy to any of the details regarding the settlement agreement, MetLife asserts that it does not have a written agreement from any of the children agreeing to the disposition of the funds at issue. (*Id.*).

On January 8, 2019, MetLife sent the following in a letter to James Bowen, counsel for the Zauner children, including Jennifer Scheurich:

> It is our understanding that you represent Jennifer Scheurich, Andrew Zauner, and Chiristina Zauner, the decedent's children.

> If your clients wish to file a claim for the proceeds in connection with the claim of the designated beneficiary, then we ask that you submit any concerns regarding these benefits in writing within 15 days of this letter. If we do not receive anything, we will assume your clients no longer have any interests.

(Rec. Doc. 24-5, p. 1). On January 16, 2019 Bowen wrote a letter to MetLife providing the following:

> In your letter, you ask that, if the Zauner children wish to file a "claim of the proceeds, in contention with the claim of the designated beneficiary," they should submit any 'concerns' in writing by January 23. Until such time as discovery on the merits of the matters pending in the Dallas Court is obtained, the Zauner children choose not to express and/or elaborate on any concerns that they may have beyond what is stated in the Petition.

(Rec. Doc. 24-6, p. 1). The Court notes that the Texas state court action did not relate to MetLife and the disbursement of the funds at issue. Also, before the Court is correspondence between counsel for Plaintiff and Bowen dated February 6, 2019, in which Bowen states,

> [T]he only "claims" my clients have filed are in the probate court. I don't even know what it means to file "claims" with custodians of IRA's and a life insurance company, and those entities have not been joined as parties to the [Texas state court] lawsuit. If you are suggesting that my clients have demanded that MetLife disburse life insurance proceeds to them, for example, that is absolutely false."

(Rec. Doc. 20-2, p. 2).

"[E]ven the mere 'threat of multiple vexation by future litigation provides sufficient basis for interpleader.'" *Tittle v. Enron Corp.,* 463 F.3d 410, 424 n. 10 (5th Cir.2006) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir.1983)). The Fifth Circuit provides that statutory interpleader under § 1335 is "especially liberal" in that there only need to be two claimants who may claim to be entitled to the funds, "even if there is not yet a claim." *Auto Parts Manufacturing Mississippi, Inc. v. King Construction of Houston, LLC.,* 782 F.3d 186, 194. Upon review of these correspondences, the Court finds that there may be an adverse claimant. Without more, the Court is unable to find that MetLife is one-hundred percent

disposed of future liability by Zauner's children. Pursuant to the Fifth Circuit's liberal interpretation of interpleader, the motion to dismiss is denied.

Plaintiff expresses concern that the damages she seeks in the Complaint will be dismissed. In the Complaint, Plaintiff pleads that the failure of MetLife to pay the life insurance benefits is arbitrary and capricious and as a result Plaintiff has suffered and continues to suffer economic loss. (Rec. Doc. 1, ¶¶ 30-35). Plaintiff prays that this Court award all general or equitable relief this Court deems appropriate and reasonable under the premises. (*Id.* at 39). The Fifth Circuit has held that interpleader is rooted in equity and equitable doctrines, such as laches, still apply. *Matter of Bohart,* 743, F.2d 313, 325 (5th Cir. 1984). The finding that this Court has subject matter jurisdiction pursuant to Section 1335 in a counterclaim does not dispose of Plaintiff's claims in the Complaint.

**IV. Conclusion**

Accordingly;

IT IS ORDERED Plaintiff's Motion to Dismiss and Motion to Strike (Rec. Doc. 20) is **DENIED**.

New Orleans, Louisiana, this 8th day of May, 2019

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE