UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRICIA STORY                                              CIVIL ACTION

VERSUS                                                    NO. 19-1185

AT&T CORP., ET AL.                                        SECTION A (5)

ORDER AND REASONS

The following motions are before the Court:

**Motion to Dismiss Party Andrew Zauner (Rec. Doc. 60)** filed by Defendant Metropolitan Life Insurance Company ("Metlife"). There is no opposition to this motion. This motion, noticed for submission on August 7, 2019, is before the Court on the briefs without oral argument.

**Motion for Default Judgment as to Jennifer Scheurich (Rec. Doc. 63)** filed by Defendant Metlife. Plaintiff filed a response in support of the motion for default. (Rec. Doc. 69). There is no opposition to this motion. This motion, noticed for submission on August 21, 2019, is before the Court on the briefs without oral argument.

**Motion for Default Judgment as to Christina Zauner (Rec. Doc. 64)** filed by Defendant Metlife. Plaintiff filed a response in support of the motion for default. (Rec. Doc. 69). There is no opposition to this motion. This motion, noticed for submission on August 21, 2019, is before the Court on the briefs without oral argument.

**Motion to Dismiss Party Metropolitan Life Insurance Company (Rec. Doc. 65)** filed by Defendant Metlife. Plaintiff Tricia Story opposes the motion (Rec. Doc. 76) to which Metlife replied (Rec. Doc. 80). This motion, noticed for submission on August 21, 2019, is before the Court on the briefs without oral argument.

**Motion to Withdraw Funds Held in the Registry of the Court (Rec. Doc. 72)** filed by Plaintiff Tricia Story. This motion is before the Court as an *ex parte/*consent motion.

I. **Background**

While employed by AT&T, Inc. ("AT&T"), Plaintiff's husband Michael Zauner participated in an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). (Rec. Doc. 1 Complaint, ¶ 9) (Rec. Doc. 24, p. 5). On September 17, 2018, Zauner passed away. (Rec. Doc. 1, ¶ 13). Plaintiff filed the instant case alleging that AT&T, Metlife, and Fidelity Workplace Services, LLC ("Fidelity') have unlawfully denied her the funds that she is entitled to as beneficiary under the terms of the ERISA plan. (*Id.* at 31).

On March 26, 2019, Defendant Metlife filed an *Ex Parte* Motion for Interpleader (Rec. Doc. 17). Metlife named Tricia Story, Christina Zauner, Andrew Zauner, and Jennifer Scheurich as Defendants to the interpleader. Plaintiff opposed the interpleader motion alleging lack of subject matter jurisdiction. (Rec. Doc. 20). The Court denied Plaintiff's motion for the Court to dismiss and strike the interpleader motion (Rec. Doc. 35), and the Counterclaim Interpleader was filed into the record (Rec. Doc. 34). Metlife, as interpleader-in-counterclaim, now files various motions to dismiss the claimants, except Plaintiff, from the interpleader and dismiss itself from the above captioned matter. Plaintiff also requests the Court to release the funds deposited in the registry of the Court. The Court, having reviewed the parties' submissions, rules on each motion as set forth below.

II. **Discussion**

In the **Motion to Dismiss Party Andrew Zauner (Rec. Doc. 60)**, Metlife asserts that on June 3, 2019, it sent via certified mail the summons for the Counterclaim for Interpleader. (Rec.

Doc. 60-1, p. 2). The summons was returned to the sender as unable to deliver to Andrew Zauner. (*Id*). Metlife states that it attempted to obtain a valid address for Andrew Zauner from his counsel, James Bowen. Bowen told Metlife's counsel that Andrew Zauner did not have an interest in the life insurance benefit subject to the interpleader. (*Id*).

Attached to Plaintiff Story's response is a declaration from Andrew Zauner dated on July 2, 2019. (Rec. Doc. 69-1). Andrew Zauner declares that on March 27, 2019, May 14, 2019, and June 12, 2019, Andrew Zauner advised Metlife via letter by his counsel, James Bowen, that he does not have an interest in Michael Zauner's insurance benefits. (*Id.* at 2-3). Specifically, Andrew Zauner declares that he "claim[s] no interest in the life insurance proceeds that are subject of an interpleader suit between Metlife and Tricia Story in the Eastern District of Louisiana." (Rec. Doc. 69-1, p. 2-3). Additionally, attached to Plaintiff's response are email correspondences between James Bowen and counsel for Metlife. Considering Andrew Zauner's unequivocal disinterest in asserting a claim to the death benefits, the Court finds that the Motion to Dismiss Party Andrew Zauner (Rec. Doc. 60) is GRANTED. Andrew Zauner shall be dismissed with prejudice from the interpleader counterclaim in the above captioned matter.

In the **Motion for Default Judgment as to Jennifer Scheurich (Rec. Doc. 63),** Metlife requests this Court to enter a default judgment against Jennifer Scheurich for her failure to appear or respond to the interpleader. (Rec. Doc. 63, p. 1). Attached to Plaintiff Story's response is a declaration from Jennifer Scheurich dated July 3, 2019. (Rec. Doc. 69-3). Jennifer Scheurich declares that she does not have an interest in asserting any claim against Metlife for payment of any life insurance proceeds. (*Id.*). She states that on March 27, 2019, May 14, 2019, and June 12, 2019, Jennifer Scheurich advised Metlife via letter by her counsel, James Bowen, that she does not have an interest in Michael Zauner's insurance benefits. (*Id.* at 2-3). She "confirms that she

makes no claim to the funds deposited into the Registry of the Court, being [the] subject of an interpleader in the proceeding entitled, *Story v. AT&T Corp., et al,* Docket # 19-1185." (*Id.* at 2).

On July 22, 2019, this Court granted the Motion for Entry of Default as to Jennifer Scheurich. (Rec. Doc. 56). Considering the declaration, the entry of default, and her failure to appear or respond in the above captioned matter, the Court finds that the Motion for Default Judgment as to Jennifer Scheurich (Rec. Doc. 64) is GRANTED. The default judgment shall be entered against Jennifer Scheurich dismissing her with prejudice from the interpleader counterclaim.

In the **Motion for Default Judgment as to Christina Zauner (Rec. Doc. 64),** Metlife requests this Court to enter a default judgment against Christina Zauner for her failure to appear or respond to the interpleader. (Rec. Doc. 64, p. 1). Attached to Story's response is a declaration from Christina Zauner dated July 3, 2019. (Rec. Doc. 69-2). Christina Zauner declares that she does not have an interest in asserting any claims against Metlife for payment of any life insurance proceeds. (*Id.*). She states that on March 27, 2019, May 14, 2019, and June 12, 2019, Christina Zauner advised Metlife via letter by her counsel, James Bowen, that she does not have an interest in Michael Zauner's insurance benefits. (*Id.* at 2-3). She does not assert "any claim to the funds that MetLife interplead in the proceeding entitled, *Story v. AT&T Corp., et al,* Docket # 19-1185" in the Eastern District of Louisiana. (*Id.*).

On July 22, 2019, this Court granted the Motion for Entry of Default as to Christina Zauner. (Rec. Doc. 57). Considering the declaration, the entry of default, and her failure to appear or respond in the above captioned matter, the Court finds that the Motion for Default Judgment as to Christina Zauner (Rec. Doc. 64) is GRANTED. The default judgment shall be

entered against Christina Zauner dismissing her with prejudice from the interpleader counterclaim.

In the **Motion to Dismiss Party Metropolitan Life Insurance Company (Rec. Doc. 65),** Metlife argues that it should be dismissed with prejudice for compliance with the interpleader order granted by this Court on May 9, 2019. (Rec. Doc. 65-1, p. 5). Metlife states that on May 14, 2019, it deposited into the registry of the Court the death benefits plus applicable interest totaling, $790,545.57. (*Id.*) As also asserted by the motions set forth above, Metlife contends that none of the claimants intend to assert a right to the insurance benefits. (*Id.* at 6).

Plaintiff responds that she does not oppose partial dismissal of Metlife from further liability owed for the payment of the benefits deposited in the registry of the Court. (Rec. Doc. 76, p. 1). Plaintiff argues, however, that she opposes any award of costs and attorney fees to Metlife as she disputes that an adverse claim was made to the funds, that the interpleader was not instituted timely, and that the interpleader was instituted in bad faith. (*Id.* at 2).

Metlife replies that the motion to dismiss is limited to the counterclaim and does not address Plaintiff's Complaint for damages under ERISA. (Rec. Doc. 80, p. 5). Metlife states that it has not sought nor, does it intend to seek attorneys' fees or costs incurred due to the interpleader. (*Id.* at 4). Metlife asserts that this Court already determined the issue of whether an adverse claimant to the funds existed and therefore Plaintiff's claims of bad faith are without merit as well as the issue of timeliness. (*Id.* at 2-3).

As previously stated by this Court in its May 8, 2019, Order (Rec. Doc. 35), Plaintiff pleads in the Complaint that the failure of Metlife to pay the life insurance benefits is arbitrary and capricious and as a result Plaintiff has suffered and continues to suffer economic loss. (Rec. Doc. 35). The Court notes that the dismissal of Metlife from the counterclaim interpleader does

not dismiss Metlife from Plaintiff's claims asserted in the Complaint, including Metlife's alleged bad faith failure to pay the life insurance benefits. Considering Plaintiff does not oppose the dismissal of Metlife from further liability owed for the payment of the benefits deposited in the registry of the Court and the other claimants are dismissed with prejudice for the reasons articulated above, the Motion to Dismiss Party Metropolitan Life Insurance Company (Rec. Doc. 65) is GRANTED. Metlife's counterclaim is dismissed and Metlife shall be discharged from further liability for the funds related to Michael Zauner's death benefits plus any applicable interest. The bad faith claims asserted by Plaintiff in the Complaint against Metlife are not dismissed.

In the **Motion to Withdraw Funds Held in the Registry of the Court (Rec. Doc. 72)**, Plaintiff Story requests the Court to enter a judgment authorizing the clerk of Court to release the funds deposited in interpleader. (Rec. Doc. 72, p. 3). Plaintiff requests that the Court release the funds because the "Zauner Children" have acknowledged in writing that they do not intend to assert a claim to the insurance benefits. (*Id.* at 1).

Pursuant to Local Rule 67.3, a motion for disbursement of registry funds shall be accompanied by a proposed order which must substantially track the following language:

> The clerk is authorized and directed to draw a check (or checks) on the funds on deposit in the registry of this court in the principal amount of $_____ plus all interest earned less the assessment fee for the administration of funds, (or state other instruction regarding interest), payable to (Name and address of payee), and mail or deliver the check (or checks) to (payee or attorney) at (full address with zip code).

The Court notes that the proposed order submitted by Plaintiff fails to state the name and address of the payee. The Court finds that the Motion to Withdraw Funds Held in the Registry of the

Court (Rec. Doc. 72) is DENIED as deficient.[1]

### III. Conclusion

Accordingly;

IT IS ORDERED that the **Motion to Dismiss Party Andrew Zauner (Rec. Doc. 60) is GRANTED**;

IT IS FURTHER ORDERED that the **Motion for Default Judgment as to Jennifer Scheurich (Rec. Doc. 63) is GRANTED**;

IT IS FURTHER ORDERED that the **Motion for Default Judgment as to Christina Zauner (Rec. Doc. 64) is GRANTED**.

IT IS FURTHER ORDERED that the **Motion to Dismiss Party Metropolitan Life Insurance Company (Rec. Doc. 65) is GRANTED;** Metropolitan Life Insurance Company's counterclaim is dismissed. The bad faith claims asserted by Plaintiff in the Complaint against Metropolitan Life Insurance Company are not dismissed;

IT IS FURTHER ORDERED that the **Motion to Withdraw Funds Held in the Registry of the Court (Rec. Doc. 72) is DENIED** as deficient.

New Orleans, Louisiana, this 22nd day of August, 2019

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that this deficiency has been corrected, and the Court signed a separate order for the clerk to draw a check on the funds.